**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JACK MATALKA,**

    **Plaintiff,**

**v.**                                             **CASE NO.:**

**FISHERMAN'S COVE**
**ASSOCIATION, INC., a Florida Not**
**For Profit Corporation,  and**
**CASEY MANAGEMENT**
**SERVICES,LLC, a Florida Limited**
**Liability Company,**

    **Defendants.**     **_____/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACK MATALKA, by and through the undersigned attorney, sues

the Defendants, FISHERMAN'S COVE ASSOCIATION, INC., a Florida Not

For Profit Corporation, and CASEY MANGEMENT SERVICES, LLC, a Florida

Limited Liability Company, (hereinafter collectively "Defendants") and alleges:

1.    Plaintiff was an employee of Defendants and brings this action for

unpaid minimum wages and proper overtime compensation, liquidated damages,

and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor

Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2.    Plaintiff worked for Defendants from around July 2020 to February 6,

2026.

3. Plaintiff worked for Defendants as an hourly employee and was paid at various hourly rates during his employment, including a most recent rate of $30.00 per hour.

4. Plaintiff worked for Defendants as Maintenance Director.

5. At all times material to this cause of action, Defendants were an enterprise subject to the Florida Constitution's provision on minimum wages and the FLSA.

6. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7. Defendant, FISHERMAN'S COVE ASSOCIATION, INC., is a Florida Not For Profit Corporation that operates and conducts business in Sarasota County, Florida and is therefore within the jurisdiction of this Court.

8. Defendant, FISHERMAN'S COVE ASSOCIATION, INC., operates as vacation management rental business in Siesta Key, Florida.

9. Defendant, CASEY MANGEMENT SERVICES, LLC, is a Florida Limited Liability Company that operates and conducts business in Sarasota County, Florida and is therefore within the jurisdiction of this Court.

10. Defendant, CASEY MANGEMENT SERVICES, LLC, operates as a

property management business in Sarasota, Florida.

11.     Defendants jointly employed Plaintiff within the meaning of the FLSA and Florida law.

12.     Defendant, FISHERMAN'S COVE ASSOCIATION, INC., hired Plaintiff to perform work at FISHERMAN'S COVE ASSOCIATION, INC., and Defendant, CASEY MANGEMENT SERVICES, LLC, handled Plaintiff's hiring paperwork and onboarding.

13.     Defendant, CASEY MANGEMENT SERVICES, LLC served as the management company for Defendant, FISHERMAN'S COVE ASSOCIATION, INC., and exercised control over employees working at FISHERMAN'S COVE ASSOCIATION, INC. , including Plaintiff.

14.     Plaintiff performed work for Defendant, FISHERMAN'S COVE ASSOCIATION, INC., through Defendant, CASEY MANGEMENT SERVICES, LLC.

15.     Defendants shared or allocated control over Plaintiff's employment, including his hiring, work assignments, supervision, payroll, employment records, and conditions of employment.

16.     During Plaintiff's employment, Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

17.     During Plaintiff's employment, Defendants employed at least two

employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to maintenance equipment, cleaning supplies, and other tools/materials used to run the business.

18. Additionally, Plaintiff is individually covered under the FLSA because he was engaged in interstate commerce by regularly ordering, handling, and/or using materials, supplies, tools, and equipment from vendors located outside the State of Florida, including national vendors.

19. Therefore, at all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## JURISDICTION AND VENUE

20. This action is brought under the FLSA and Fla. Const. Art. X § 24 to recover from Defendants minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

21. The Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction over Plaintiff's Fla. Const. Art. X § 24 claim pursuant to 28 U.S.C. § 1367.

22. Venue in this District is proper under 28 U.S.C. § 1391 because a

substantial part of the events or omissions giving rise to the claim occurred in this District.

## MINIMUM WAGE AND OVERTIME VIOLATIONS

23. At all times relevant to this action, Defendants failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiff performed services for Defendants for which he was not paid full minimum wages and no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

24. During his employment with Defendants, Plaintiff routinely worked overtime hours.

25. Plaintiff worked over forty (40) hours per week on a regular basis – frequently working as many, or more than fifty (50) to sixty (60) hours per week.

26. During his employment with Defendants, Plaintiff was not paid all minimum wages owed for all compensable hours worked during one or more workweeks.

27. Specifically, Defendants failed to pay Plaintiff any wages for compensable work performed from approximately June 2022 through August 2022, and from approximately November 2023 through January 2024.

28. As a result of Defendants failure to pay minimum wages, Plaintiff was also not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

29. During his employment with Defendants, Plaintiff was not properly paid all overtime compensation owed for holiday work, including but not limited to Thanksgiving 2023, Christmas Eve, Christmas Day, and New Year's Day during the applicable years 2023 through 2025.

30. Specifically, Defendants failed to pay Plaintiff the required holiday overtime wages for Thanksgiving 2023, Christmas Eve, Christmas Day, and New Year's Day during the applicable years 2023 through 2025, despite Defendants policy providing that holiday overtime would be paid at two-and-one-half times the employee's regular rate of pay.

31. During Plaintiff's employment, Defendants improperly and unlawfully used, deducted, or reduced Plaintiff's paid-time-off ("PTO") balance for periods during which Plaintiff was actually performing compensable work for Defendants.

32. Specifically, Defendants improperly deducted sixty (60) hours from Plaintiff's PTO balance in or around 2025 during Hurricane Helene, even though Plaintiff was working during that time and therefore should not have had PTO applied, used, deducted, or reduced.

33. Defendants deducted or reduced Plaintiff's PTO balance for periods during which Plaintiff was actually performing compensable work and failed to properly compensate Plaintiff for all hours worked during those periods.

34.    Defendants failed to make, keep, and preserve accurate records of Plaintiff's hours worked and wages paid as required by the FLSA.

35.    Defendants pay practices resulted in unpaid minimum wages, unpaid overtime wages, or both.

36.    Plaintiff is entitled to his regular rate of pay plus the one and one-half-time premium for all hours worked in excess of forty (40) per week.

37.    Based upon the above policies, Defendants have violated Fla. Const. Art. X § 24 and the FLSA by failing to pay the full minimum wage for each hour worked.

38.    Based upon the above policies, Defendants have violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

39.    Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

40.    Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

41.    All conditions precedent to this action have been performed or waived.

**COUNT I - RECOVERY OF MINIMUM WAGES (FLORIDA**

CONSTITUTION)

42.    All preceding paragraphs are fully re-alleged and incorporated herein.

43.    Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

44.    In 2020, Florida's minimum wage rate was $8.56 per hour. In 2021, Florida's minimum wage rate was $10.00 per hour. In 2022, Florida's minimum wage rate was $11.00 per hour. In 2023, Florida's minimum wage rate was $12.00 per hour. In 2024, Florida's minimum wage rate was $13.00 per hour. Florida's current minimum wage rate is $14.00 per hour.

45.    During his employment with Defendants, Plaintiff was not always paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 24.

46.    Defendants violations were willful because Defendants knew or showed reckless disregard for whether their pay practices complied with Florida law.

47.    As a result of Defendants intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

48.    Defendants did not have a good faith basis for their failure to pay

Plaintiff minimum wages for each hour worked.

49.    As a result of Defendants willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages.

50.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JACK MATALKA, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate, damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

51.    All preceding paragraphs are fully re-alleged and incorporated herein.

52.    Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

53.    During his employment with Defendants, Plaintiff was not paid the minimum wage for each week of work performed in violation of the FLSA.

54.    Defendants violations were willful because Defendants knew or showed reckless disregard for whether their pay practices complied with the FLSA.

55.    As a result of Defendants intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys'

fees and costs.

56. Defendants did not have a good faith basis for their failure to pay Plaintiff minimum wages for each hour worked.

57. As a result of Defendants willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

58. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JACK MATALKA, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III - RECOVERY OF OVERTIME COMPENSATION (FLSA)

59. All preceding paragraphs are fully re-alleged and incorporated herein.

60. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

61. During his employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

62. Defendants violations were willful because Defendants knew or showed reckless disregard for whether their pay practices complied with the FLSA.

63.     As a result of Defendants intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

64.     Defendants did not have a good faith basis for their failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

65.     As a result of Defendants willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

66.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JACK MATALKA, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 31st day of July, 2026.

/s/ KHUSBU A. PATEL
**Khusbu A. Patel, Esq.**
Florida Bar No.: 1034296
MORGAN & MORGAN, P.A.
20 N. Orange Ave, 15th Floor
Orlando, Florida 32801

Tel: (689) 256-2032
Fax: (689) 256-2232
E-Mail: KPatel@forthepeople.com

**C. Ryan Morgan, Esq.**
Florida Bar No.: 0015527
MORGAN & MORGAN, P.A.
20 N. Orange Ave, 15th Floor
Orlando, Florida 32801
Tel: (407) 420-1414
Fax: (407) 245-3401
E-Mail: RMorgan@forthepeople.com

*Attorneys for Plaintiff*